# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Shelly Thompson, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>First Investors Servicing Corporation,<br><br>　　　　　　　　　Defendant. | Civil Action No.: _____<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For her Class Action Complaint, Plaintiff, Shelly Thompson, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.  Plaintiff, Shelly Thompson ("Plaintiff"), brings this class action for damages resulting from the illegal actions of First Investors Servicing Corporation ("FISC" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.  FISC is an automobile financing company.

3.  In order to contact borrowers, FISC operates an aggressive contact schedule which bombards borrowers with automated text messages, even after the recipients ask FISC to "Stop" sending the messages.

4. Plaintiff is one such borrower. After receiving a number of automated messages from FISC, Plaintiff repeatedly messaged FISC to "Stop" sending the messages.

5. Each time Plaintiff messaged FISC to "Stop" sending her messages, FISC told Plaintiff she "will no longer receive text messages from First Investors," but FISC would nonetheless proceed to send Plaintiff identical subsequent automated text messages.

6. Plaintiff seeks relief for herself and all others similarly situated for FISC's unlawful behavior.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. Subject matter jurisdiction exists under 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

9. The Court has personal jurisdiction over FISC because FISC's principal place of business is located within this District and FISC sent Plaintiff the text messages which form the basis of her claims from within this District.

10. Venue is proper in this District in that FISC sent Plaintiff the text messages which form the basis of her claims from within this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Riverview, Florida.

12. FISC is a Delaware corporation with its principal place of business located at 380 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. The TCPA regulates, among other things, the use of automated telephone dialing systems.

14. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Within the last year, FISC began placing automated text messages to Plaintiff's cellular telephone, number (813) XXX-2022.

16. The messages were sent from SMS short code 78861.

17. The messages advised Plaintiff that she could "Reply STOP to optout of texts."

18. In accordance with the messages' instructions, Plaintiff repeatedly messaged "Stop" to FISC in order to get it to stop sending her automated text messages.

19. Each time Plaintiff messaged "Stop," FISC responded by claiming that Plaintiff "will no longer receive text messages from First Investors."

20. However, notwithstanding Plaintiffs' repeated requests and FISC's promises to the contrary, FISC continued to send automated text messages to Plaintiff's cellular telephone.

21. True and correct copies of the text messages are reproduced below:

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]











22. The messages FISC sent to Plaintiff were identical to one another, and were identical to text messages FISC sent to other consumers.

23. In addition, the content of the text messages was automatically generated, with no human involvement in the drafting or directing of the message.

24. The language in the messages was automatically generated without any actual human intervention in the drafting or sending of the messages; the same exact messages were sent to thousands of other consumers.

25. The telephone system FISC used to send the messages constitutes an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

26. To send the messages, FISC stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and then automatically sent identical messages *en masse* to Plaintiff and thousands of other consumers at the same time.

27. No human directed any single text message to Plaintiff's number.

28. In addition, upon information and belief the hardware and software combination utilized by FISC has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

29. After Plaintiff messaged FISC to "Stop" messaging her, FISC did not

have Plaintiff's prior express consent to place automated text messages to Plaintiff on her cellular telephone.

30. Plaintiff's time was wasted tending to FISC's text messages sent after she expressly asked FISC to "Stop" sending the messages.

31. Moreover, the unwanted post-Stop messages annoyed and frustrated Plaintiff.

32. Defendant did not place the text messages for an emergency purpose.

## CLASS ACTION ALLEGATIONS

### A. The Class

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

34. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom FISC or its agent/s and/or employee/s sent a text message to said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint, after said person had previously messaged "STOP," "Stop" or "stop" to FISC.**

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

11

## B. Numerosity

36.     Upon information and belief, Defendant has placed automated text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States, after receiving messages asking it to "Stop."  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's call records.

## C. Common Questions of Law and Fact

38.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

   a. Whether Defendant sent text messages to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to send each text message;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

      d.  Whether Defendant is liable for damages, and the amount of such damages; and

      e.  Whether Defendant should be enjoined from such conduct in the future.

39.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places automated text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

40.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

41.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

42.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually

controlling the prosecutions of separate claims against FISC is small because it is not economically feasible for Class members to bring individual actions.

43. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant negligently placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

46. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

47. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Plaintiff and the Class are also entitled to and do seek a declaration that:

    a. Defendant violated the TCPA;

    b. Defendant utilized an ATDS to message Plaintiff and the Class; and

    c. Defendant placed automated text messages to the Plaintiff and the Class without prior express consent.

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act,
## 47 U.S.C. § 227, *et seq.*

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. Defendant knowingly and/or willfully placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

52. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

53. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to

$1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

55. Plaintiff and the Class are also entitled to and do seek a declaration that:

    a. Defendant knowingly and/or willfully violated the TCPA;

    b. Defendant knowingly and/or willfully used an ATDS to send text messages to Plaintiff and the Class;

    c. Defendant willfully placed automated text messages to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

    d. It is Defendant's practice and history to place automated and text messages to borrowers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 27, 2020

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Shelly Thompson
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250 ext. 5500
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com